IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

PEGGY J. DERRICK                                                                                       PLAINTIFF

vs.                                           Civil No. 6:12-cv-06051

CAROLYN COLVIN                                                                                        DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Peggy Derrick ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 3.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff's application for DIB was filed on July 22, 2009. (Tr. 10, 112-117). Plaintiff alleged she was disabled due to a panic disorder and depression. (Tr. 146). Plaintiff alleged an onset date of June 8, 2008.[2] (Tr. 146). This application was denied initially and again upon

---

[1] The docket numbers for this case are referenced by the designation "ECF. No.___" The transcript pages for this case are referenced by the designation "Tr."

[2] The onset date was amended to June 27, 2009 at the administrative hearing. (Tr. 10).

reconsideration. (Tr. 10, 68-73). Thereafter, Plaintiff requested an administrative hearing on her application and this hearing request was granted. (Tr. 74-75).

Plaintiff's administrative hearing was held on July 16, 2010. (Tr. 27-55). Plaintiff was present and was represented by counsel, Charles Padgham, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Beth Clem testified at this hearing. *Id.* At the time of this hearing, Plaintiff was sixty-two (62) years old, which is defined as a "person of advanced age" under 20 C.F.R. § 404.1563(e), and had a college education. (Tr. 31-32).

On October 19, 2010, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 10-22). In this decision, the ALJ determined Plaintiff met the insured status requirements of the ACT through December 31, 2013. (Tr. 12, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 27, 2009. (Tr. 12, Finding 2).

The ALJ determined Plaintiff had the severe impairment of generalized anxiety disorder with situational panic attacks and social phobia. (Tr. 12, Finding 3). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 13, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 13-20). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the full range of work at all levels, but would be limited to unskilled work activity where interpersonal contact with supervisors, co-workers and the public is incidental to the work performed and the required tasks are learned and performed by rote with limited individual

judgment. Plaintiff would also require little supervision for routine tasks, but more detailed supervision for non-routine tasks. *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 20, Finding 6). The ALJ found Plaintiff was unable to perform her PRW. *Id.* The ALJ also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 21, Finding 10). The VE testified at the administrative hearing regarding this issue. (Tr. 46-48). Based upon that testimony, the ALJ determined Plaintiff retained the ability to perform other work such as an assembly worker with 4,000 such jobs in Arkansas and 280,000 such jobs in the nation and work as a cashier II with 31,000 such jobs in Arkansas and 3,500,000 such jobs in the nation. (Tr. 47-48). Given this, the ALJ determined Plaintiff had not been under a disability as defined in the Act from June 27, 2009 through the date of his decision. (Tr. 22, Finding 11).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 110). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On April 12, 2012, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on April 27, 2012. ECF No. 3. Both Parties have filed appeal briefs. ECF Nos. 5, 6. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

3

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work

experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the ALJ erred: (A) in assessing Plaintiff's RFC and (B) in assessing Plaintiff's credibility. ECF No. 5, Pgs. 2-6. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 6.

**A. RFC**

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the

workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC to perform the full range of work at all levels, but would be limited to unskilled work activity where interpersonal contact with supervisors, co-workers and the public is incidental to the work performed and the required tasks are learned and performed by rote with limited individual judgment. Plaintiff would also require little supervision for routine tasks, but more detailed supervision for non-routine tasks. (Tr. 13, Finding 5). Plaintiff argues the ALJ erred in this RFC determination. ECF No. 5, Pgs. 2-5. However, substantial evidence supports the ALJ's RFC determination.

To begin with, Plaintiff failed to present any medical evidence of a physical impairment which would suggest a physical limitation. Plaintiff seems to argue she suffers from a disability based on a claim of mitral valve prolapse and complaints of depression and anxiety disorder.

Although Plaintiff argues a history of mitral valve prolapse, she points to no objective medical evidence to support this claim. Initially, it should be pointed out that Plaintiff did not allege a disability based on mitral valve prolapse in her application for disability benefits. (Tr. 146). Furthermore, Plaintiff had no formal treatment for mitral valve prolapse, did not seek treatment for the condition, and did not take any prescription of other medications for this condition. Finally, no physician discussed any functional limitations related to her alleged mitral valve prolapse.

Plaintiff did allege disability based upon panic disorder and depression. (Tr. 146). However the ALJ properly accounted for this condition in his RFC determination by finding, Plaintiff would be limited to unskilled work activity where interpersonal contact with supervisors, co-workers and

the public is incidental to the work performed and the required tasks are learned and performed by rote with limited individual judgment. (Tr. 13, Finding 5). The ALJ also found Plaintiff would require little supervision for routine tasks, but more detailed supervision for non-routine tasks. *Id.*

Plaintiff was treated for anxiety by Dr. Donald Bodemann on June 18, 2008. (Tr. 213-215). Plaintiff stated her mother had passed away about a week prior and she had experienced a severe anxiety attack. *Id.* Plaintiff stated she had not had ongoing problems with anxiety or depression. *Id.* Plaintiff returned to see Dr. Bodemann on July 15, 2008. (Tr. 211-212). Plaintiff had been prescribed Effexor and Xanax and referred for counseling, however, Plaintiff had not yet pursued counseling. *Id.* Dr. Bodemann stated Plaintiff did not appear to be particularly anxious during this visit, although she had been extremely anxious on the first visit. *Id.*

On September 8, 2008, Plaintiff returned to see Dr. Bodemann. (Tr. 210). Plaintiff appeared happy, stated she was feeling well, and had returned to work. *Id.* According to Dr. Bodemann, Plaintiff was not having anxiety or panic attacks as before and did not appear to be depressed. *Id.* Plaintiff returned to see Dr. Bodemann on February 4, 2009. (Tr. 208-209). Plaintiff was doing reasonably well and stated in the last six months she had maybe five days where her symptoms were bothersome enough to even mention. *Id.* Plaintiff stated she was doing well at work if she took a full Xanax dose. *Id.*

Plaintiff returned on July 28, 2009 for treatment by Dr. Bodemann. (Tr. 203-204). Plaintiff stated she quit her job about a month earlier and had several recent episodes of panic, including four at work. *Id.* Plaintiff also indicated she "hardly" took any Xanax during this time. (Tr. 203). Dr. Bodemann indicated Plaintiff was just a little anxious, very pleasant and cooperative, but did not seem depressed. *Id.* Plaintiff returned on January 12, 2010 and June 29, 2010 and appeared to be doing reasonably well and stable. (Tr. 258-261).

Plaintiff had an independent mental status evaluation on December 3, 2009, with Dr. Shea Stillwell. (Tr. 239-246). Dr. Stillwell indicated Plaintiff's mood was anxious and her affect was congruent, exhibited normal speech, normal logical thought processes, and no delusions. *Id.* Dr. Stillwell found Plaintiff exhibited the capacity to communicate and interact in a socially adequate manner; was able to communicate in an intelligible and effective manner; and retained the capacity to cope with the typical mental cognitive demands of basic work tasks in a controlled environment. *Id.* Dr. Stillwell also found Plaintiff's attention appeared to be intact, her ability to maintain attention was questionable, and her persistence might be impaired by the level of anxiety she experienced. *Id.*

On December 14, 2009, Dr. Jerry Henderson evaluated Plaintiff's medical records. (Tr. 248). Dr. Henderson indicated Plaintiff had never sought formal psychiatric treatment and that the overall findings indicated Plaintiff retained the capacity to perform unskilled work in an environment in which production time demands were not prominent and interpersonal contact was only incidental to the work performed. *Id.*

As shown by the above medical evidence, substantial evidence supports the ALJ's RFC determination. Plaintiff has the burden of establishing her claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met her burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

### B. ALJ's Credibility Determination

Plaintiff also claims the ALJ erred in his credibility determination. ECF No. 5, Pages 4-5. In response, Defendant argues that the ALJ properly evaluated and discredited Plaintiff's subjective

complaints pursuant to the directives of *Polaski*. ECF No. 6, Pages 11-12.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th

---

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

9

Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

Plaintiff argues the ALJ erred in assessing her credibility as it related to the limiting effects of her impairments and did not fully consider her subjective complaints as required by *Polaski*. The Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints of pain in compliance with *Polaski*.

In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's subjective complaints. In his opinion, the ALJ addressed the factors from *Polaski* and 20 C.F.R. § 404.1529, and stated inconsistencies between Plaintiff's testimony and the record. (Tr. 14, 18). Specifically, the ALJ noted the following: (1) Absence of objective medical findings to support Plaintiff's alleged disabling pain, (2) Plaintiff's described activities of daily living are not limited to any serious degree, (3) No physician has placed a level of limitation on Plaintiff's activities comparable to those described by Plaintiff, (4) Plaintiff's medication has been effective in controlling her symptoms with no side effects, and (5) Plaintiff failed to follow up with physician recommendations. *Id.*

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed. *See Lowe,* 226 F.3d at 971-72. Accordingly, the ALJ did not err in discounting Plaintiff's subjective complaints of pain.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits

to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **17th day of May 2013.**

                                        /s/   Barry A. Bryant
                                        HON. BARRY A. BRYANT
                                        U. S. MAGISTRATE JUDGE